**STATE of Tennessee, Appellee,**

v.

**Zip GILLESPIE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 21, 1994.

Appellant, pro se (on appeal).

William C. Moore, Asst. Public Defender, Shelby County Public Defender's Office, Memphis, for appellant (at trial).

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Chris B. Craft and Rhea Clift, Asst. Dist. Attys. Gen., Shelby County Dist. Atty. General's Office, Memphis, for appellee.

*OPINION*

WADE, Judge.

After a jury trial, the defendant, Zip Gillespie, was convicted of second degree murder. The trial court sentenced the defendant as a Range II, multiple offender, to 30 years in prison. In this *pro se* appeal, the defendant claims that the trial court should have more carefully considered certain of his pretrial motions and that the state should have been required to offer a plea agreement.

We remand this case to the trial court for the appointment of counsel on direct appeal.

On November 5, 1991, the defendant was indicted for second degree murder. The Shelby County Public Defender's Office was appointed to represent the defendant. A trial ensued and on November 24, 1992, the defendant was convicted of second degree murder. Counsel for the defendant filed a timely motion for a new trial. Two days later, the defendant filed a motion to proceed *pro se*. The trial court granted the request. The defendant then filed a *pro se* "petition for new trial." At the time of sentencing, the defendant withdrew his *pro se* petition for new trial and relied upon the motion for new trial filed by his former counsel. The trial court overruled the motion and the defendant filed a timely, *pro se* notice of appeal.

Although there has been no challenge to the sufficiency of the evidence, the facts are summarized in the brief filed by the state:

> On August 2, 1991, the defendant and the victim, George Currey, were visiting and drinking at the home of Paulette Peoples. An argument between the two men occurred and the defendant cursed the victim. Mr. Currey and Ms. Peoples went back into her apartment. A short time later, the defendant returned to the apartment carrying a piece of pipe. The defendant then beat Mr. Currey to death with the pipe.
>
> The defendant and his girlfriend then told Ms. Peoples to tell the police that three drug dealers broke into the house and killed Mr. Currey. They threatened to harm her children if she did not [cooperate].

When the defendant was initially stopped ... by police officers, he gave them a false name. Defendant later admitted hitting Mr. Currey with a piece of pipe but claimed that he did so in self-defense.

Initially, we must observe that the *pro se* brief filed by the defendant is woefully inadequate. While the defendant complains that the killing of the victim was either justifiable or in self-defense and that his sentence was excessive, he frames only two issues:

(1) the petitioner's motions were improperly dismissed by the trial judge; and

(2) the petitioner was denied his right to plea bargain.

■ As to the first issue, it is conceivable that the defendant refers to separate *pro se* motions for discovery and inspection and for exculpatory evidence. Both were filed after the trial. Rule 12(b)(4) of the Tennessee Rules of Criminal Procedure, of course, provides that any request for discovery must be filed prior to trial. *See also* Tenn. R.Crim.P. 16. The state has a duty to provide exculpatory evidence under due process principles. *Brady v. Maryland,* 373 U.S. 83, 87–88, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). Yet the brief of the defendant does not indicate how or why the action of the trial court in dismissing this motion might have been in error. Thus, we cannot sustain the claim.

■ As to the second issue, it is well-established law that there is no right to plea bargain; and, because there is no right, the state cannot be held at fault. In *State v. Hodges,* 815 S.W.2d 151, 155 (Tenn.1991), our supreme court held that there was "no obligation on the part of the state to offer any benefit or advantage to the defendant by reason of entering a guilty plea." Moreover, the ultimate decision on whether to accept or reject any plea agreement is for the trial court. *Id.,* at 155. *See also State v. Williams,* 851 S.W.2d 828, 830 (Tenn.Crim. App.1992).

The record sheds little light on the reasons the defendant sought to proceed without counsel in the motion for new trial hearing, the sentencing hearing, and on this appeal. He was, of course, entitled to counsel. Tenn. Code Ann. § 40–14–203 and –204. Yet on December 11, 1992, he filed a handwritten "petition to proceed ... *pro se* " alleging that he had been "denied of his due process right; the attorney did not submit the mitigating circumstances, rendering [his] issue for defense as [moot]." On January 8, 1993, the trial court utilized what appears to be a form order providing that, at the defendant's request, his counsel be "authorized to withdraw from the cause and [be] relieved from any further responsibilities herein." There is no transcript of the hearing that preceded the entry of the order.[1]

■ Just as there is the right to the assistance of counsel at trial, there is the alternative right to self-representation. Art. 1, § 9, Tenn. Const.; U.S. Const., amend. VI; *Faretta v. California,* 422 U.S. 806, 818–20, 95 S.Ct. 2525, 2532–34, 45 L.Ed.2d 562 (1975). When an accused desires to proceed *pro se,* the trial judge must conduct an intensive inquiry as to his ability to represent himself. *State v. Northington,* 667 S.W.2d 57, 61 (Tenn.1984). The waiver of the right to counsel must be knowingly and intelligently made. *State v. Armes,* 673 S.W.2d 174, 177 (Tenn.Crim.App.1984); Tenn.R.Crim.P. 44. In *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), the United States Supreme Court placed "the serious and weighty responsibility ... of determining whether there is an intelligent and competent waiver" directly upon the trial judge. In a subsequent case, more specific guidelines were established:

[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension

---

1. At the conclusion of the sentencing proceeding, the trial judge admonished the defendant: "I cannot advise you, Mr. Gillespie. I told you that and I told you that and I told you that and I told you that time and time and time and time again. And I told you that just before we started this hearing that your [sic] ill-advised to attempt to represent yourself."

of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

*Von Moltke v. Gillies,* 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948). Rule 44(a) of the Tennessee Rules of Criminal Procedure places a similar obligation on the trial court:

Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings, unless he executes a written waiver. Before accepting such waiver the court shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings. The court shall, at the same time, determine whether there has been a competent and intelligent waiver of such right by inquiring into the background, experience and conduct of the accused and such other matters as the court may deem appropriate. *Any waiver shall be spread upon the minutes of the court and made a part of the record of the cause.*

(Emphasis added). *See also State v. Gardner,* 626 S.W.2d 721, 723 (Tenn.Crim.App. 1981).

▮ The *pro se* defendant is bound by the record he has created in the trial court. Moreover, the quality of the *pro se* performance of the defendant is not a factor in the determination of whether the defendant has properly exercised his right to self-representation. In *Faretta,* it was held that the "technical legal knowledge ... [of the defendant] was not relevant to an assessment of his knowing exercise of the right to defend himself." 422 U.S. at 836, 95 S.Ct. at 2541. In *Northington,* our supreme court agreed with that conclusion. 667 S.W.2d at 61. Thus, any determination must not rest upon a retrospective view that the defendant here exercised incredibly poor judgment in the exercise of his power to waive counsel.

▮ The Sixth Amendment right to proceed *pro se,* however, is limited to trial proceedings. Thus, its application in this case would only be to the motion for new trial hearing and the sentencing hearing. Our state does not recognize any right to proceed without counsel on appeal:

[N]either the United States Constitution nor the Constitution of the State of Tennessee, according a defendant the right of self-representation at conviction trial proceedings, confer a similar privilege at appellate proceedings....

*State v. Reeves,* 610 S.W.2d 730, 731 (Tenn. Crim.App.1980) (*citing, Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). *See also Weatherly v. State,* 704 S.W.2d 730, 731 (Tenn.Crim.App.1985); *State v. Cole,* 629 S.W.2d 915, 917 (Tenn.Crim.App. 1981).

▮ These opinions do not elaborate on the nature of the right. The distinction may be that the right to proceed *pro se* at trial is derivative of the Sixth Amendment right to counsel. *Faretta,* 422 U.S. at 820, 95 S.Ct. at 2533–2534. There is no constitutional right of appeal; yet where appellate review is provided by statute, the proceedings must comport with constitutional standards. *See Evitts v. Lucey,* 469 U.S. 387, 400–401, 105 S.Ct. 830, 838–839, 83 L.Ed.2d 821 (1985); Tenn.Code Ann. § 40–14–203; Tenn. R.App.P. 3(b). The right to counsel on a first tier appeal, therefore, derives from notions of equal protection and due process under the Fourteenth Amendment. *Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963); *Evitts v. Lucey,* 469 U.S. at 396–97, 105 S.Ct. at 836–37.

▮ Even though the defendant has not raised the denial of counsel as an issue, we must give some consideration to certain omissions. The rules require a written waiver of counsel. Tenn.R.Crim.P. 44(a). That applies to "every stage of the proceedings." *Id.* None appears in the record. In granting the defendant's "petition to proceed *pro*

*se,"* the record does not demonstrate whether the trial court made the required inquiry. And, while the defendant would ordinarily be penalized for these omissions, that does not necessarily apply to the *pro se* appellant's waiver of counsel. *See State v. Mark S. Bodine,* No. 03C01–9111–CR–00368, 1994 WL 111057 (Tenn.Crim.App., Knoxville, March 25, 1994) (supreme court required supplementation of record and remand to consider waiver of counsel issue). Similarly, in *Jerome Sidney Barrett v. State,* No. 02C01–9201–CR–00022, 1993 WL 8605 (Tenn. Crim.App., Jackson, January 20, 1993), a post-conviction petitioner was represented by counsel during the evidentiary hearing. On appeal, however, he proceeded *pro se* and attempted to raise twenty-eight issues. The state argued that the petitioner was not entitled to relief because the *pro se* appellant had failed to file either a transcript or an adequate appellate brief. In an opinion authored by Judge Robert K. Dwyer, this court held as follows:

> A careful review of the record reveals that the trial court appointed counsel to represent the indigent petitioner.... Nothing in the record indicates that counsel has been permitted to withdraw, that the indigent petitioner has waived his right to counsel on appeal in this cause, or that substitute counsel was appointed for the appellant. *To allow an uncounseled pro se appeal under such circumstances would be a travesty.*

*Id.,* slip. op. at 2 (emphasis added) (citations omitted). In recognition of this unusual circumstance, this court remanded the case to the trial court for the appointment of counsel, preparation of the record, and proper briefing. *Id.*

That rationale applies here. The nature of this particular conviction requires the effective assistance of counsel on direct appeal. *See, e.g., Evitts v. Lucey,* 469 U.S. at 396–97, 105 S.Ct. at 836–37. The defendant has clearly demonstrated his inability to provide even marginal representation at the appellate level.

In our view, the trial court is in the best possible position to appoint counsel on appeal. Thus we deem a remand appropriate for that purpose.

Accordingly, the cause is remanded to the trial court for the appointment of counsel. The duties of counsel shall extend to first tier direct appeal of the conviction, the sentence, or both.

SCOTT, P.J., and SUMMERS, J., concur.