IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION



**FILED**

**November 4, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| CEDRIC STAMPLEY, | ) | No. 02C01-9707-CR-00288 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

Cedric Stampley, Pro Se
4018 Mountain Terrace
Memphis, TN 38127

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

C. Alanda Horne
Assistant District Attorney
201 Poplar Street, Suite 301
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

William M. Barker, Special Judge

**OPINION**

The appellant, Cedric Stampley, appeals as of right the denial in the Shelby County Criminal Court of his petition for post-conviction relief.  The trial court dismissed appellant's *pro se* petition without the appointment of counsel and without an evidentiary hearing.  On appeal, appellant argues that the trial court erred in summarily dismissing his petition.  We affirm the judgment of the trial court.

Appellant was convicted of attempted first degree murder in 1994 and received a sentence of 23 years.  On direct appeal, this Court affirmed his conviction and sentence.  State v. Cedric Stampley, No. 02C01-9409-CR-00208 (Tenn. Crim. App. at Jackson, August 16, 1996), perm. app. denied (Tenn. 1997).  Appellant filed the instant petition on April 8, 1997.  He alleged four grounds for relief: (1) denial of assistance of counsel by the trial court in permitting him to proceed *pro se* at trial and on appeal without ensuring a voluntary and knowing waiver of counsel; (2) a defective indictment for failure to contain sufficient factual allegations; (3) denial of due process by the trial court's failure to instruct the jury on lesser included offenses; and (4) an excessive sentence given the evidence and law.

The post-conviction court entered a preliminary order and denied the petition without holding an evidentiary hearing.  Before dismissing the petition, however, the trial court reviewed the transcript of the hearing on defendant's motion to proceed *pro se* and found that appellant was properly advised of his right to waive counsel.  In addition, the post-conviction court held that the appellant had waived any claims for relief based upon defects in the indictment and errors in failing to charge on lesser offenses by not raising those issues on appeal.  Nevertheless, it concluded that the indictment properly informed the defendant of the nature and cause of the accusation against him.  Finally, the post-conviction court found that instructions on the lesser offenses of voluntary manslaughter and criminally negligent homicide were not warranted by the proof at trial.

2

We are unpersuaded by much of appellant's authority because it relates to procedure under the now-repealed Post-Conviction Procedure Act. See Tenn. Code Ann. §§40-30-101 - 124 (repealed 1995). In contrast, the current Post-Conviction Procedure Act contains more stringent standards and requires closer scrutiny of post-conviction petitions by the trial court. Blair v. State, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. 1998).

Under Tennessee Code Annotated section 40-30-206, the trial court is required to preliminarily review the factual allegations in a post-conviction petition along with all files, records, transcripts, and correspondence relating to the judgment under attack. If the claims have been waived or previously determined, or if the facts alleged fail to show that appellant is entitled to relief, the petition *must* be dismissed. Tenn. Code Ann. §40-30-206(f) (1997) (emphasis added).

The post-conviction court properly determined that appellant's claim regarding the failure to charge lesser offenses was waived for failing to raise it on direct appeal. See Tenn. Code Ann. §40-30-206(g) (1997). Although not addressed by the trial court, appellant's challenge to his sentence has been previously determined because it was raised on direct appeal. See Tenn. Code Ann. §40-30-206(h) (1997). Any additional grounds in that regard upon which appellant now seeks to challenge the sentence have been waived. Because appellant's petition failed to assert facts to demonstrate why these claims are not waived or previously determined, dismissal was appropriate. See Tenn. Sup. Ct. R. 28, §5(F).

We disagree, however, with the trial court's conclusion that the appellant waived his claim for relief based upon a defective indictment by not raising the issue on direct appeal. Since the sufficiency of an indictment is jurisdictional in nature, the issue was not untimely raised in the post-conviction petition. See Dennis Dykes v. Billy Compton, Warden, No. 02S01-9711-CC-00105 (Tenn. at Jackson, September 21, 1998) (holding that sufficiency of an indictment may be raised in habeas corpus

petition). Nevertheless, we find, as did the trial court, that the indictment in this case did contain sufficient facts so as to adequately inform the appellant of the nature and cause of the accusation against him. The appellant is not entitled to post-conviction relief on this ground.

With regard to appellant's waiver of counsel, the record demonstrates that the trial court followed the proper procedure in allowing the appellant to waive counsel and represent himself. Before a trial court may accept a written waiver of counsel,[1] the trial court must advise the accused of the right to counsel at every stage of the proceedings. Tenn. R. Crim. P. 44(a). In determining whether there has been a competent and intelligent waiver, the trial court must inquire into the background, experience, and conduct of the accused. Id.

The transcript in the record before us reflects that the trial court determined that appellant completed high school and also some courses at broadcasting school. Appellant stated he could read and write without difficulty. He affirmed that he had reviewed the rules of procedure and the law relative to the charge pending against him. Appellant stated that he understood the charge against him and knew that he was bound by the same procedural rules as a lawyer. Appellant had no questions about representing himself and disregarded the trial court's recommendation to keep his court-appointed lawyer. The trial court found that appellant was literate, competent, and aware of the charge and what he was facing. Therefore, it ruled that appellant freely and voluntarily waived his right to counsel.

Although the trial court granted appellant's request to represent himself, it required court-appointed counsel to remain as elbow counsel and ensured that appellant had access to an investigator from the public defender's office. The trial court took more than the necessary steps to ensure that appellant knowingly and

---

[1]Appellant's petition states that he filed a motion to proceed *pro se*, which qualifies as a written waiver. State v. Goodwin, 909 S.W.2d 35, 39 (Tenn. Crim. App. 1995).

intelligently waived his right to counsel at the trial level. <u>See</u> <u>State v. Goodwin</u>, 909 S.W.2d 35, 41 (Tenn. Crim. App. 1995).

Appellant also argues that the record does not contain a waiver of his right to appellate counsel. According to appellant, at the conclusion of the sentencing hearing, the trial court inquired as to whether appellant wanted to continue representing himself. Appellant argues that the trial court did not again make the necessary inquiries to ensure his waiver was knowing and intelligent. However, appellant asserts no facts in the petition to demonstrate that his circumstances had changed so that the earlier waiver had become invalid. <u>Cf.</u> <u>State v. Gillespie</u>, 898 S.W.2d 738, 741-42 (Tenn. Crim. App. 1994) (remanding appeal for appointment of counsel where record failed to demonstrate that trial court made the required inquiry for waiver of counsel). In the absence of specific factual allegations, it is proper for the post-conviction court to dismiss the claim. Tenn. Sup. Ct. R. 28, §5(F).

Our review of the record indicates that the post-conviction court's findings were correct. It is clear from the record that an evidentiary hearing was unnecessary to resolve appellant's claims. We affirm the trial court's judgment summarily dismissing appellant's petition.

_____
William M. Barker, Special Judge


CONCUR:


_____
David G. Hayes, Judge


_____
Joe G. Riley, Judge


5