Oscar A. SERRANO

v.

STATE of Tennessee.

Supreme Court of Tennessee,
at Nashville.

Oct. 1, 2003 Session.

April 22, 2004.

Jerry Gonzalez, Nashville, Tennessee, for the appellant, Oscar A. Serrano.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## Opinion

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

We granted permission to appeal in this case in order to determine whether a waiver of appeal, executed as part of a post-verdict sentencing agreement, precludes the filing of a petition for post-conviction relief for claims of ineffective assistance of counsel that occurred prior to the waiver. We hold in this case that the waiver does not extend to post-conviction relief; therefore, Serrano was not precluded from filing a petition under the Post Conviction Relief Act. Further, after reviewing Serrano's post-conviction claims, we conclude that he received effective assistance of counsel with regard to the sentencing agreement and waiver of the right to appeal. Accordingly, the judgment of the Court of Criminal Appeals is reversed in part and affirmed in part. We remand to the trial court for a determination of the merits of the remaining issues raised in Serrano's petition for post-conviction relief. In this determination, the trial court should consider that all issues which could have been raised on direct appeal but were not raised are waived in post-conviction. *See* Tenn. Code Ann. § 40–30–110(f).

## I. Facts and Procedural History

The petitioner, Oscar A. Serrano, is a native of El Salvador and claims to speak very little English. He and a co-defendant were indicted and tried for attempted first degree murder. A jury convicted both men of the lesser-included offense of attempted second degree murder. Prior to the sentencing hearing, counsel for Serrano offered to forgo a sentencing hearing and waive the right to appeal in exchange for a nine-year sentence. The State ac-

cepted the offer. Serrano signed the following statement:

I have been advised that I have a Constitutional right to appeal my conviction in case number 99–A–109. I have discussed this with my attorney and I freely and voluntarily waive my right to appeal in this case.

Prior to imposing the sentence, the trial judge questioned Serrano in open court, through an interpreter, about the sentencing agreement and the waiver of appeal. That exchange was, in pertinent part, as follows:

THE COURT: Mr. Serrano, you were found guilty on September 30, of attempted murder in the second degree, and that is after a jury trial, and you are here today for the sentencing hearing.

Okay. Based on your range of punishment, your sentence was to be between eight and twelve years; did you understand that?

MR. SERRANO: Yes.

COURT: But it is my understanding that you want to waive a sentencing hearing, and accept the State's recommendation that you serve nine years as a Range I offender.

Also, as part of that agreement, you are to waive in writing your right to appeal; is that correct?

MR. SERRANO: Yes.

THE COURT: I want to make certain you understand that if we had had the hearing, you could appeal not only the guilt determination but the sentence that I impose today, but you want to waive that and just accept this nine-year sentence?

MR. SERRANO: Yes.

After submission of Serrano's written waiver, the exchange continued as follows:

THE COURT: Okay, all right, Mr. Serrano, is this your signature?

MR. SERRANO: Yes.

THE COURT: And was this read to you as translated into Spanish?

MR. SERRANO: Yes.

THE COURT: Okay. Basically, Mr. Serrano, this is your final day in court with regard to this case.

MR. SERRANO: Yes.

The trial court then sentenced Serrano as a Range I, standard offender to nine years in the Tennessee Department of Correction.

After beginning service of the sentence, Serrano filed a pro se petition for post-conviction relief; it was later amended by his appointed counsel. In the petition, he contends that he did not receive effective assistance of counsel with regard to his sentencing agreement. Thus, he concludes, he did not voluntarily waive his right to appeal. In addition, Serrano alleges several trial errors.[1] The trial court conducted a hearing and limited its inquiry to whether Serrano knowingly and voluntarily entered into the sentencing agreement and waived his right to appeal. The trial court appeared to base its limited review on the assumption that Serrano had waived both appellate review and collateral review, unless the waiver had been involuntary.

At the petition hearing, Mary Griffin, an attorney, testified that she spoke Spanish and that she often represented Spanish-speaking clients in criminal cases. She stated that she spoke in "[b]asic conversational Spanish" with Serrano's attorney. Griffin explained that there is a difference between speaking conversational Spanish

and discussing legal concepts. She opined that counsel was proficient, but not fluent, in Spanish, and that neither she nor counsel was proficient in Spanish "legalese." Griffin never spoke to Serrano.

Serrano testified through an interpreter. He acknowledged that on the morning of his sentencing hearing, counsel had met with him and had discussed the possibility of an agreed nine-year sentence. He testified that counsel had explained the offer to him in Spanish, and that he had been able to understand counsel's Spanish "[a] little bit." Serrano maintained that he had been confused and nervous, and that he had not fully understood the consequences of the sentencing agreement. Regarding the waiver, Serrano testified, "He didn't explain to me very good and I didn't understand things about the law very well." Serrano stated, "He explained [the sentencing agreement] to me in a general manner." Serrano acknowledged that counsel informed him that he would not have the right to appeal, but he maintained that counsel did not adequately explain the consequences of the waiver. Serrano claimed that counsel simply told him to say "yes" whenever the judge asked him a question. Serrano acknowledged that there was an interpreter present during every court appearance, but he stated that he "couldn't understand him very well." He admitted that he did not inform anyone that he was having trouble understanding.

Serrano's trial counsel testified that he had been licensed to practice law for six years and that, at the time he represented Serrano, approximately ninety-five percent

---

1. These issues become pertinent only if the waiver of appeal is deemed invalid. In Serrano's petition for post-conviction relief, he alleged the following pre-waiver issues: (1) that the indictment failed to charge him with the violation of the anti-gang statute located at Tennessee Code Annotated section 40–35–121; (2) that the indictment failed to charge criminal responsibility; (3) that he received ineffective assistance of counsel at trial; and (4) that his Sixth Amendment right to confront witnesses and participate in the trial was violated due to an inability to understand what was going on in the trial because he spoke Spanish and did not have a proper interpreter.

of his practice was criminal. He stated that he grew up in Los Angeles, California, and learned to speak Spanish from his friends. Counsel testified that he also took Spanish classes in college and Spanish grammar lessons at the Tennessee Foreign Language Institute. He explained that there are different dialects and cadences of Spanish. He reported that he has represented a "significant number" of Spanish-speaking clients.

Counsel recalled that he met with Serrano "many times" and that Serrano preferred to speak in Spanish "when there were possible third-parties around who might want to listen to our conversations." Counsel testified, however, that Serrano "has a grasp of the English language" and that "he does speak English." He reported that when there was a communication problem, counsel would use the Spanish word and explain how it was used. Counsel testified that regarding legal terminology, he and Serrano "did not have very much difficulty at all" communicating with each other. He maintained that he discussed the merits of an appeal with Serrano. Counsel testified that Serrano "expressed an understanding of why [they] were [there], why [they] were using the waiver, and why [they] had arrived at the particular sentence...." He stated that Serrano never expressed that he was confused or that he did not understand. Counsel testified that he went over the written waiver with Serrano and that the trial court questioned Serrano with an interpreter present.

Counsel recalled that many of his conversations with Serrano were "almost totally in English." Counsel indicated that many times he asked if Serrano understood, in Spanish, and if he said "no," counsel would always try to clarify the matter.

Following the hearing, the post-conviction court held that Serrano failed to demonstrate the involuntariness of his post-verdict sentencing agreement and waiver. The post-conviction court held also that counsel had provided Serrano with effective assistance regarding the sentencing agreement. The trial court declined to address any aspect of Serrano's pre-waiver representation because it deemed such issues waived. On appeal, the Court of Criminal Appeals affirmed the decision of the post-conviction court. Serrano now appeals to this Court, contending that a simple agreement to waive his right to appeal did not waive his right to post-conviction relief, and that the trial court should have addressed his pre-waiver allegations. He contends also that the agreement was not knowing and voluntary because he did not receive effective assistance of counsel. We granted this appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine whether Serrano's waiver of appeal, executed as part of a post-verdict sentencing agreement, precludes the filing of a petition for post-conviction relief.

## II. Standard of Review

This case involves the determination of whether Serrano knowingly and voluntarily waived his right to post-conviction review. A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn.1999). A post-conviction court's conclusions of law are reviewed under a de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn.2001). Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are subject to de novo review. *Sepulveda v. State*, 90 S.W.3d 633, 637 (Tenn.2002); *Burns*, 6 S.W.3d at 461.

### III. Analysis

 Initially, we must address whether the waiver of appeal contained in Serrano's sentencing agreement precluded post-conviction relief. There is no constitutional right to appeal, but where appellate review is provided by statute, the proceedings must comport with constitutional standards. *State v. Gillespie*, 898 S.W.2d 738, 741 (Tenn.Crim.App.1994) (citations omitted). In Tennessee, a criminal defendant has the right to one level of appellate review. Tenn. R.App. P. 3(b) (2003); *Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984). The law, however, "does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal." *Collins*, 670 S.W.2d at 221. Thus, a defendant may waive his right to appeal.

 As with the right to appeal, there is no constitutional duty to provide post-conviction relief procedures. *Burford v. State*, 845 S.W.2d 204, 207 (Tenn.1992). Rather, the right to post-conviction relief is created by statute. *See* Tenn.Code Ann. §§ 40–30–102, –103, –104 (2003). "When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy." *Schick v. United States*, 195 U.S. 65, 72, 24 S.Ct. 826, 49 L.Ed. 99 (1904). Because we are unable to find a mandate otherwise, we conclude that a petitioner may also waive the right to post-conviction relief.[2]

 When a defendant chooses to waive the right to a direct appeal, counsel for the defendant shall file a written waiver of appeal, signed by the defendant, with the clerk during the time within which the notice of appeal could have been filed. Tenn. R.Crim. P. 37(d) (2003). "Such waiver of the right of appeal shall clearly reflect that the defendant was aware of the right and voluntarily waived it." *Id.; see also Carter v. State*, 102 S.W.3d 113, 119 (Tenn.Crim.App.2002). Any purported waiver of the right to appeal is to be carefully scrutinized. *See Collins*, 670 S.W.2d at 221; *see also United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002).

We conclude that Serrano's written waiver was sufficient to waive his right to a direct appeal but not to post-conviction relief. Serrano states in his written waiver that he was advised of his constitutional right to appeal his conviction, that he discussed the case with his attorney, and that he "freely and voluntarily waive[d] [his] right to appeal in this case." In addition, the trial judge asked Serrano in open court whether he understood that he was waiving his right to appeal, and Serrano responded that he did. This language was sufficient to inform Serrano that he would be waiving his rights to a direct appeal.

The language of the waiver, however, was not sufficient to waive Serrano's right to collaterally attack his sentence through the Post Conviction Relief Act. The waiver of appeal executed by Serrano simply stated that he waived his "right to appeal."

---

**2.** We also note that the Sixth Circuit, in a case from Tennessee, refused to address post-conviction issues raised by a defendant because he waived the right to collaterally attack his sentence in his plea agreement. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). The Court referred to *Palmero v. United States*, 101 F.3d 702 (Table), 1996 WL 678222 (6th Cir. Nov. 21, 1996) (unpublished decision), and stated that in the *Palmero* case, the Court "[a]rguing by analogy, ... noted that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made." *Watson*, 165 F.3d at 488 (citing *Palmero*, 1996 WL 678222, at *2).

Neither the waiver nor the trial judge expressly mentioned that the waiver would preclude the filing of a claim under the Post Conviction Relief Act. Accordingly, we are unable to construe the broad language of the waiver in this case to apply to post-conviction relief.

■ Because we conclude that Serrano did not waive his rights to post-conviction relief, we must address the issues in his post-conviction petition. We first consider Serrano's contention that counsel failed to provide effective assistance regarding the sentencing agreement. Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40–30–103 (2003); see also Tenn. Sup.Ct. R. 28, § 9(B) (2003). In post-conviction proceedings, the petitioner bears the burden of proving the allegations in the petition by clear and convincing evidence. Tenn.Code Ann. § 40–30–110(f) (2003). The Sixth Amendment to the United States Constitution guarantees that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The Tennessee Constitution similarly provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel...." Tenn. Const. art. I, § 9. These provisions have been interpreted to "encompass[ ] the right to 'reasonably effective' assistance, that is, within the range of competence demanded of attorneys in criminal cases." State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) (citations omitted).

■ When reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975). In order to obtain relief based on ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 690–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficiency is proven if "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn.1996). In order to show prejudice in cases involving a sentencing agreement, the petitioner must show that, but for counsel's errors, he would not have entered into the sentencing agreement. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that with regard to a guilty plea, a petitioner must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial).

In denying Serrano's petition, the post-conviction court accredited the testimony of counsel, concluding as follows:

[T]he advice given and the services rendered by [counsel] were well within the bounds of generally accepted professional standards. Furthermore, at no stage in the court proceedings was petitioner without the assistance of a court-appointed interpreter. Nothing presented in evidence suggests that the petitioner had difficulty appreciating the sentencing agreement, the waiver embodied within it, the sentencing proceedings, and the trial.

The evidence of record does not preponderate against the factual findings of the post-conviction court. Counsel testified that he spoke Spanish and that he was able to communicate with Serrano in both English and Spanish. Counsel maintained that he took particular care to make sure that Serrano understood what he was tell-

ing him. In addition, Serrano acknowledged that he understood that he was getting a nine-year sentence in exchange for giving up his right to appeal. Moreover, Serrano never complained to anyone that he did not understand the proceedings or the sentencing agreement. Thus, we conclude that Serrano failed to show that counsel's representation fell below an objective standard of reasonableness for criminal attorneys.

Further, even if we were to conclude that counsel's performance fell below an objective standard of reasonableness, Serrano has failed to show prejudice. Serrano was convicted as a Range I, standard offender of attempted second degree murder, a Class B felony, for which the range of punishment is eight to twelve years. Tenn.Code Ann. § 40–35–112(a)(2) (1997). Under the sentencing agreement, Serrano received a nine-year sentence in exchange for his waiver of the right to appeal. We cannot presume that a sentence of nine years, one year over the minimum sentence, demonstrates prejudice that would satisfy the second prong of *Strickland.* *See* 466 U.S. at 692–94, 104 S.Ct. 2052. Serrano has failed to show how he was prejudiced by the sentencing agreement.

Because the trial court limited its review to the voluntariness of the actual waiver, the record before us does not contain any evidence regarding Serrano's remaining post-conviction claims. Therefore, we are unable to address Serrano's allegations of trial errors. Moreover, all issues which could have been raised on direct appeal but were not are waived in post-conviction. *See* Tenn.Code Ann. § 40–30–110(f).

## IV. Conclusion

We conclude that Serrano received effective assistance of counsel with regard to the sentencing agreement and waiver of the right to pursue a direct appeal. The waiver of appeal contained in Serrano's post-verdict sentencing agreement was sufficient to waive Serrano's rights to direct appeal; however, it did not include a waiver of post-conviction issues. Because the trial court interpreted the waiver of appeal to preclude any issues other than those related to the voluntariness of the waiver in the sentencing agreement, there is no evidence in the record regarding Serrano's remaining post-conviction issues. Therefore, we remand to the trial court for the purpose of hearing evidence on those issues and a determination of whether counsel's representation at trial was effective under the standards of *Strickland* and *Baxter.* Costs of this review are taxed to the Appellee, State of Tennessee, for which execution may issue, if necessary.