IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**BOBBY DEWAYNE PRESLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 41280      L. Craig Johnson, Judge**

———————————————

**No. M2015-00520-CCA-R3-PC – Filed March 3, 2017**

———————————————

NORMA MCGEE OGLE, J., dissenting.

I agree with the majority that this case has a "mystifying" procedural history. I write separately to express my concerns regarding the authority of the Petitioner's mother, acting through a standard form durable power of attorney, to dismiss the Petitioner's direct appeal of his 2011 conviction. Equally concerning is the waiver by the Petitioner's mother of appellate counsel's conflict in representing the Petitioner during his direct appeal and post-conviction proceedings. As the majority notes, the issue of the Petitioner's mother authority to act on behalf of the Petitioner was not raised.

The Petitioner's mother testified at the post-conviction hearing that she relied on appellate counsel's advice that without the trial transcript, the Petitioner's best strategy was to dismiss the direct appeal and file a post-conviction petition alleging that trial counsel was ineffective. A one sentence handwritten letter was submitted with the motion to dismiss the appeal. The letter appears to be signed by the Petitioner's mother, addressed to appellate counsel, and faxed from a truck stop. The letter states:

> [Appellate counsel,]
>
>         After talking to [appellate counsel] about [my] son['s] case and them loosing [(sic)] his paper work, I feel it is in his best interest to dismiss the appeal and pursue the post conviction review.

Appellate counsel then filed the post-conviction petition, and it was denied by the post-conviction court. The post-conviction court held that trial counsel was not

ineffective. Notably, at the hearing, the State questioned appellate counsel, who had called himself as a witness to rebut trial counsel's testimony, about the steps trial counsel took to obtain a transcript or statement of the evidence. Specifically, the following colloquy occurred:

> [The State:] And during the period of time [between August 31, 2012, and September 18, 2013,] you felt like the heat was on so much that you couldn't send [trial counsel] a letter or e-mail?
>
> [Appellate counsel:] I should be able to get a hold of a fellow attorney by phone calls.
>
> [The State:] I see.
>
> [Appellate counsel:] All right, and that --.
>
> [The State:]—Is that a "no," [Appellate counsel]?
>
> [Appellate counsel:] That is a "no," but if I may explain.
>
> [The State:] Sure.
>
> [Appellate counsel:] We did have – I did get a response from him in the e-mail that we presented as evidence, which was the extent of it. Follow-up phone calls again, ring, ring, ring. If I am not going to get a response to a phone call, I don't think I am going to get a response to a letter. At that point, I was focusing on trying to preserve this man's ability to present an appeal to the Court of [Criminal] Appeals.
>
> [The State:] Do you have a list of correspondence that you sent the D.A.'s Office in an effort to prepare a statement of the evidence?
>
> [Appellate counsel:] No, sir, there was none.
>
> [The State:] What about the witness that made the arrest on this habitual offender? Do you have any record of your contact with that witness?
>
> [Appellate counsel:] No, sir.

[The State:] What about the Court? Did you ever contact the Court?

[Appellate counsel:] There was just the request to – or the motion to the clerk to see if we could get some type of a record, and we didn't get any response to phone calls. However, I did file a notice to the Court of Criminal Appeals which is in one of our exhibits and stipulated that we – that the clerk couldn't follow up on the Court of Criminal Appeals remand order.

[The State:] Okay, so did you ever contact [the trial court's] office about preparing a statement of the evidence?

[Appellate counsel:] No, sir.

[The State:] What about the data recovery options? Did you ever contact any experts about trying to preserve or retrieve the data from the corrupted hard drive?

[Appellate counsel:] No, and the main reason for that was, the client didn't have the funds at the time.

In its order denying relief, the post-conviction court was critical of appellate counsel's actions relating to the dismissal of the direct appeal, noting that appellate counsel

> took over [the Petitioner's] appeal and admittedly voluntarily dismissed it as a tactical move. He did so without applying to the court for additional time to put together a statement of evidence under Rule 24. Rule 24(c) of the Tennessee Rules of Appellate Procedure clearly outlines how this reconstruction should occur. However, it appears [the Petitioner] or [appellate counsel] failed to exhaust the procedures afforded by said rule.

Unfortunately, more problems occurred during the appellate proceeding on the post-conviction case. Following the denial of post-conviction relief, appellate counsel filed a notice of appeal and an appellate brief. The State in its brief noted that the post-conviction court did not address whether the Petitioner had waived an apparent conflict of interest to allow appellate counsel to represent the Petitioner during the direct appeal

and post-conviction proceedings. The State, citing Frazier v. State, 303 S.W.3d 674 (Tenn. 2010), suggested that "a remand may be required to determine whether the petitioner knowingly and voluntarily waived the apparent conflict of interest." Appellate counsel then filed a motion to remand the case to the post-conviction court to address the issue, and this court granted the motion.

Upon remand, the post-conviction court set a hearing date and ordered the Petitioner transported for the hearing. However, on the day of hearing, the Petitioner was not present. The post-conviction court, understandably concerned about time limits set by this court, agreed to appellate counsel's suggestion to proceed without the Petitioner based upon appellate counsel's statement that the Petitioner had directed him to deal with the Petitioner's mother, who had a power of attorney.

Appellate counsel and the post-conviction court questioned the Petitioner's mother about her understanding of the conflict, and the trial court held that the Petitioner's mother "has waived any conflict that [the Petitioner] may have had against [appellate counsel]." The post-conviction court then asked about the required written waiver. Appellate counsel responded that the Petitioner's mother would sign a written waiver and submit it to the court. Later, a handwritten waiver signed by the Petitioner's mother was filed which stated in part:

> I understand that by allowing [appellate counsel] to remain counsel of record for [the Petitioner] that [the Petitioner] and I waive any claims that [appellate counsel] was rendered ineffective or was ineffective in handling the direct appeal in case number M2011-02716-CCA-R3-CD. I further waive on [the Petitioner's] behalf any claims that [appellate counsel] may have an actual conflict in the appeal of the post-conviction and agree that he should remain as [the Petitioner's] attorney of record.

I question whether under the facts of this case the Petitioner's mother had the authority to dismiss the direct appeal and to waive appellate counsel's conflict. Our supreme court has stated that "[t]here is no constitutional right to appeal, but where appellate review is provided by statute, the proceedings must comport with constitutional standards." Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004) (citing State v. Gillespie, 898 S.W.2d 738, 741 (Tenn. Crim. App. 1994)). "In Tennessee, a criminal defendant has the right to one level of appellate review." Id. (citing Tenn. R. App. P. 3(b) (2003); Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984)). Our supreme court explained that

> [w]hen a defendant chooses to waive the right to a direct

appeal, counsel for the defendant shall file a written waiver of appeal, signed by the defendant, with the clerk during the time within which the notice of appeal could have been filed. Tenn. R. Crim. P. 37(d) (2003). "Such waiver of the right of appeal shall clearly reflect that the defendant was aware of the right and voluntarily waived it." Id.; see also Carter v. State, 102 S.W.3d 113, 119 (Tenn. Crim. App. 2002). Any purported waiver of the right to appeal is to be carefully scrutinized. See Collins, 670 S.W.2d at 221; see also United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002).

Serrano, 133 S.W.3d at 604. Additionally, "the right to post-conviction relief is created by statute . . . [, and] a petitioner may also waive the right to post-conviction relief." Id. (citing Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)).

The right to trial is an individual, personal constitutional right. As we have noted, the right to first tier appellate review is a statutory right, but the "proceedings must comport with constitutional standards." Serrano, 133 S.W.3d at 604. I conclude that these rights and requirements are too fundamental for a competent person to delegate to another person through a general power of attorney. See Extendicare Homes, Inc. v. Whisman, 478 S.W.3d 306, 328 (Ky. 2015) ("Absent a clearly expressed, knowing, and voluntary waiver, we do not conclude that an individual has waived his constitutional right to remain silent in the face of police questioning; to have the assistance of counsel during a trial; to plead guilty to a crime and thereby waive his right to a trial."), as corrected (Oct. 9, 2015), reh'g denied (Feb. 18, 2016), cert. granted sub nom. Kindred Nursing Centers Ltd. P'ship v. Clark, 137 S.Ct. 368 (2016). However, I recognize that a "next friend" may act for an incompetent person, even to the point of exercising an appeal. See Holton v. State, 201 S.W.3d 626, 634-35 (Tenn. 2006), as amended on denial of reh'g (June 22, 2006).

The record contains no evidence that the Petitioner is mentally challenged or incompetent. The issue was not addressed by the parties or the post-conviction court. Because the record is not adequate for this court to review the issue, I would remand for a hearing to determine why the Petitioner did not personally waive his right to a direct appeal and to appellate counsel's conflict.

_____
NORMA MCGEE OGLE, JUDGE