IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 16, 2018 Session

## MARVIN CHRISTOPHER LONG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3274     Monte D. Watkins, Judge**

_____

**No. M2017-01758-CCA-R3-PC**

_____

The Petitioner, Marvin Christopher Long, filed for post-conviction relief, alleging that his trial counsel and his appellate counsel were ineffective. The post-conviction court dismissed the petition upon finding that the Petitioner previously filed for post-conviction relief and that he failed to state a claim upon which relief could be granted. On appeal, the Petitioner challenges the dismissal of the petition. Upon review, we affirm the post-conviction court's dismissal of the Petitioner's claim regarding the effectiveness of appellate counsel. However, we remand to the post-conviction court for entry of an order ruling on the Petitioner's claims regarding the effectiveness of trial counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the Appellant, Marvin Christopher Long.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I.  Factual Background

Following a jury trial, the Petitioner and his co-defendants, Desmond Shelton Spann and Dontillus Williams, were convicted of the Class A felonies of possession of 300 grams or more of cocaine with the intent to deliver within 1,000 feet of a school zone

and conspiracy to possess 300 grams or more of cocaine with intent to deliver within 1,000 feet of a school zone. State v. Marvin Christopher Long, No. M2010-01491-CCA-R3-CD, 2012 WL 3611741, at *1 (Tenn. Crim. App. at Nashville, Aug. 22, 2012). The trial court sentenced the Petitioner as a career offender to concurrent sentences of 60 years for each conviction. Id. On direct appeal, the Petitioner challenged the sufficiency of the evidence sustaining his convictions and his classification as a career offender. Id. This court affirmed the Petitioner's convictions and sentences. Id. The Petitioner did not file an application for permission to appeal to the supreme court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure.

Thereafter, on May 22, 2013, the Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed alleging that his trial counsel and his appellate counsel were ineffective. In pertinent part, the Petitioner contended that his appellate counsel was ineffective by failing to file a motion to withdraw or a Rule 11 application after this court issued its opinion. After an evidentiary hearing, the post-conviction court found that trial counsel was not ineffective and denied relief. However, the post-conviction court failed to address the effectiveness of appellate counsel.

The Petitioner appealed the post-conviction court's denial of relief. This court issued an order vacating the post-conviction court's order denying relief and remanding the case to the post-conviction court for a determination of whether the Petitioner had been deprived of his right to file a Rule 11 application. In the order, this court instructed that in the event the post-conviction court found that the Petitioner was deprived of his right to file a Rule 11 application, the post-conviction court should grant a delayed appeal and hold the post-conviction proceedings in abeyance pending the final disposition of the delayed appeal.

On December 9, 2015, without conducting a new evidentiary hearing, the post-conviction court issued an order that again denied the Petitioner's claims against trial counsel but found that appellate counsel was ineffective by failing to withdraw or file a Rule 11 application and granted the Petitioner a delayed appeal.

On February 9, 2016, the Petitioner filed a motion asking this court to accept a late-filed notice of appeal regarding the post-conviction court's finding that trial counsel was not ineffective. This court denied the motion without prejudice, noting that the post-conviction court had failed to follow this court's previous order. Accordingly, this court vacated the post-conviction court's order denying post-conviction relief on all grounds except the Petitioner's entitlement to file a delayed Rule 11 application. This court stated that in the event the Petitioner's delayed appeal was not granted, the post-conviction court should then appoint new counsel and allow the Petitioner to amend his post-

conviction petition to include any cognizable grounds for relief resulting from the handling of the delayed Rule 11 application.

On March 8, 2016, the Petitioner filed a Rule 11 application with the supreme court, which was denied on June 23, 2016. On December 16, 2016, the post-conviction court appointed a new attorney who filed a "Second Petition for Post-Conviction Relief," alleging that delayed appeal counsel was ineffective during the Rule 11 application process.

On July 20, 2017, the State filed a motion to dismiss the petition, alleging pursuant to Tennessee Code Annotated section 40-30-102(c) that the Petitioner was not entitled to file more than one petition for post-conviction relief. The State also argued that the Petitioner failed to state a claim upon which relief may be granted, contending that the issues raised in the petition did not concern violations of any constitutional right. Specifically, the State maintained that a defendant had no constitutional right to second tier review of a criminal conviction; thus, a defendant had no constitutional right to counsel on second tier review.

The post-conviction court granted the State's motion to dismiss, holding that the Petitioner's previous post-conviction petitions were resolved on the merits by a court of competent jurisdiction and that the Petitioner did not establish any circumstances to reopen the petitions. Further, the post-conviction court agreed that the Petitioner did "not allege any violation of due process rights in violation of a constitutional right to render his conviction and sentence void or voidable under the Post-Conviction Relief Act." On appeal, the Petitioner contests the post-conviction court's dismissal of his post-conviction petition.

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The Act contemplates the filing of only one petition for post-conviction relief and provides for the summary dismissal of a subsequent petition if a previous petition has been filed and resolved on the merits. Tenn. Code Ann. § 40-30-102(c); see also Tenn. Code Ann. § 40-30-117(a) (providing the limited circumstances under which a Petitioner may file a motion to reopen a prior petition for post-conviction relief).

On appeal, the Petitioner contends that the post-conviction court erred by characterizing his petition as a second or subsequent petition for post-conviction relief. The Petitioner notes that this court vacated the trial court's orders denying the post-

conviction claims that were not related to the delayed appeal and ordered the post-conviction court to hold in abeyance the post-conviction proceedings on all other grounds until the conclusion of the delayed appeal. Therefore, no valid order exists resolving his remaining post-conviction claims on the merits. We agree and note that although the Petitioner is not entitled to a new post-conviction hearing, on remand the post-conviction court must issue an order addressing the Petitioner's claims of ineffective assistance of trial counsel.

Tennessee Supreme Court Rule 29, section 9(D)(1)(b)(i) provides:

> Upon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court shall enter an order granting the petitioner a delayed appeal, *staying the post-conviction proceedings pending the final disposition of the delayed appeal*, and providing that the order is final for purposes of appeal under this rule.

(Emphasis added). Further, "[w]here a delayed appeal is granted and the petitioner is unsuccessful on appeal, and new issues cognizable in a post-conviction proceeding result from the handling of the delayed appeal, the petitioner may amend the original post-conviction petition to include such new issues." Tenn. R. S. Ct. 28, §9 (D)(3)(a).

Unquestionably, "if a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Matthew Dixon v. State, No. W2015-00130-CCA-R3-PC, 2015 WL 6166604, at *4 (Tenn. Crim. App. at Jackson, Oct. 21, 2015). However, "a petitioner may file a successive petition if the first petition has not been resolved on the merits . . . ." Shelley Denise Blair v. State, No. M2014-02506-CCA-R3-PC, 2015 WL 9257167, at *4 (Tenn. Crim. App. at Nashville, Dec. 17, 2015). This court specifically instructed the post-conviction court to hold the Petitioner's remaining post-conviction claims in abeyance until the conclusion of his delayed appeal; however, the post-conviction court proceeded to deny the Petitioner's claims regarding the ineffectiveness of trial counsel. As such, the petition styled as a "second" petition for post-conviction relief was merely an amended petition as contemplated by the rule. Thus, the post-conviction court erred by dismissing the amended petition on this basis. See State v. Jerry McGaha, No. E2009-02553-CCA-R3-PC, 2011 WL 6091789, at *3-4 (Tenn. Crim. App. at Knoxville, Dec 7, 2011) (citing Gibson v. State, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998)).

Although the State does not concede explicitly that the post-conviction court erred by dismissing the petition as a second petition, the State maintains that dismissal was nonetheless proper because the "ineffective assistance of Rule 11 counsel is not a

cognizable post-conviction claim." The State contends that because the Petitioner was not constitutionally entitled to counsel during his Rule 11 appeal, he was not entitled to effective assistance of counsel during the Rule 11 appeal.

The right to a fair trial is one of the most fundamental constitutional principles. Smith v. State, 357 S.W.3d 322, 336 (Tenn. 2011) (citing U.S. Const. amend. XIV, § 1). In order to protect this right, the Sixth Amendment to the United States Constitution expressly provides that a person accused of a crime shall have the right to the assistance of counsel. Id. The Sixth Amendment was made obligatory upon the States by the Fourteenth Amendment. See Gideon v. Wainwright, 372 U.S. 335, 340 (1963); State ex rel. Anglin v. Mitchell, 596 S.W.2d 779, 786 (Tenn. 1980). Article I, section 9 of the Tennessee constitution likewise provides a right to counsel for an accused in a criminal prosecution. Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006). The federal and state "constitutional provisions are identical in import with the result that a denial of the Sixth Amendment right to the effective assistance of counsel is simultaneously a denial of the right to be heard by counsel, as provided under the Constitution of Tennessee." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). "These constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." Nesbit v. State, 452 S.W.3d 779, 786 (Tenn. 2014) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter, 523 S.W.2d at 934-36).

Notably, "[t]he United States Supreme Court has held that, in the absence of a Sixth Amendment right to counsel, there is no constitutional right to effective assistance of counsel, even in proceedings where counsel is appointed by the court." In re Carrington H., 483 S.W.3d 507, 529 (Tenn. 2016) (citing Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987); Wainwright v. Torna, 455 U.S. 586, 588 (1982); Ross v. Moffitt, 417 U.S. 600, 610 (1974)). Our supreme court has also "declined to recognize a right to effective assistance of counsel in the absence of a constitutional right to appointed counsel." Id. (citing Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010); Leslie v. State, 36 S.W.3d 34, 38 (Tenn. 2000)); see House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) ("There being no constitutional right to counsel in post-conviction proceedings, it follows that there is no constitutional right to effective assistance of counsel in post-conviction proceedings."). Therefore, we must determine whether a defendant has a constitutional right to counsel during a Rule 11 appeal.

It has long been recognized that "[t]here is no constitutional right of appeal; yet where appellate review is provided by statute, the proceedings must comport with constitutional standards." State v. Gillespie, 898 S.W.2d 738, 741 (Tenn. Crim. App. 1994) (citing Evitts v. Lucey, 469 U.S. 387, 400-01 (1985); Tenn. Code Ann. § 40-14-203; Tenn. R. App. P. 3(b)). Rule 3(b) of the Tennessee Rules of Appellate Procedure lists the types of orders and judgments from which a defendant may seek a first tier appeal to the Court of Criminal Appeals as a matter of right. However, in order to gain

second tier discretionary review, a defendant must apply to the supreme court for permission to appeal, and such discretionary review "is rarely granted solely for error-correction purposes." Tenn. R. App. P. 11, Advisory Comm'n Cmts.

"In Tennessee, a criminal defendant has the right to one level of appellate review." Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004). "The right to counsel on a first tier appeal . . . derives from notions of equal protection and due process under the Fourteenth Amendment." Gillespie, 898 S.W.2d at 741 (citing Douglas v. California, 372 U.S. 353, 357-58 (1963); Evitts, 469 U.S. at 396-97). However, the "right to counsel, and therefore right to effective assistance of counsel, only applies through the first appeal as of right." Stokes v. State, 146 S.W.3d 56, 60 (Tenn. 2004). Our supreme court has explained:

> Once the process goes beyond the trial and direct appeal as of right stage, the state has no duty to "duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction." A person's right to counsel ends at the conclusion of the first stage of direct appeal.

Davis v. State, 912 S.W.2d 689, 696 (Tenn. 1995) (quoting Ross, 417 U.S. at 616); see Owens v. State, 908 S.W.2d 923, 931 (Tenn. 1995) ("A person's right to counsel ends with the conclusion of the first stage of direct appeal."). In other words, "[a]n indigent [defendant] has no constitutional right to have counsel appointed for the purpose of pursuing a second tier discretionary appeal." Tolliver v. State, 629 S.W.2d 913, 915 (Tenn. Crim. App. 1981) (citing Ross, 417 U.S. at 600). Notably, Tennessee Code Annotated section 40-14-203 requires appointed counsel to represent a defendant only through the first tier appellate review but does not require counsel "to pursue the matter through a second tier discretionary appeal by applying to the supreme court for writ of certiorari." Therefore, it is clear that a defendant is neither constitutionally nor statutorily required to have counsel during a Rule 11 appeal.

This court has cautioned that "[a] defendant cannot prevail on an ineffective assistance of counsel claim when the constitutional right has not attached." State v. David Scarbrough, No. E1998-00931-CCA-R3-CD, 2001 WL 775603, at *7 (Tenn. Crim. App. at Knoxville, July 11, 2001) (citing Torna, 455 U.S. at 586). Indeed, our courts have held that a defendant has no constitutional right to counsel in post-conviction proceedings and that "it follows that there is no constitutional right to effective assistance of counsel in post-conviction proceedings." House, 911 S.W.2d at 712; see Frazier, 303 S.W.3d at 680; Stokes, 146 S.W.2d at 60. Additionally, this court has held that because a defendant has no constitutional right to counsel to pursue applications for certiorari to the United States Supreme Court, counsel's failure to file a timely petition for writ of certiorari with the United States Supreme Court "does not constitute ineffective

assistance of counsel." Terry Lynn King v. State, No. 03C01-9601-CR-00024, 1997 WL 416389, at *17 (Tenn. Crim. App. at Knoxville, July 14, 1997), aff'd, 989 S.W.2d 319 (Tenn. 1999) (citing Torna, 455 U.S. at 586; Ross, 417 U.S. 600 (1974)). Accordingly, we agree with the State that ineffective assistance of counsel on second tier review is not a cognizable claim in a post-conviction petition.

### III.  Conclusion

In sum, we affirm the post-conviction court's dismissal of the Petitioner's claim regarding the effectiveness of Rule 11 counsel because it is not a cognizable claim for post-conviction relief.  However, we remand to the post-conviction court for entry of an order ruling on the Petitioner's claims regarding the effectiveness of trial counsel.

_____
NORMA MCGEE OGLE, JUDGE