IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2009

## CHRISTOPHER CANNON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-08-189     Roy B. Morgan, Jr., Judge**

_____

**No. W2008-02185-CCA-R3-PC  - Filed February 12, 2010**

_____

The Petitioner, Christopher Cannon, appeals the Madison County Circuit Court's denial of post-conviction relief from his open guilty pleas to aggravated burglary and aggravated assault which resulted in two twelve-year sentences to be served consecutively.  He claims trial counsel rendered ineffective assistance in failing to advise him that he could potentially avoid his two consecutive twelve-year sentences by exercising his right to a jury trial.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Petitioner-Appellant, Christopher Cannon.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner was indicted for aggravated burglary, a Class C felony; aggravated assault, a Class D felony; and aggravated assault, a Class C felony.  He entered open guilty pleas in Madison County Circuit Court to the aggravated burglary charge and the Class D aggravated assault charge, and the second aggravated assault charge was dismissed.  The trial court sentenced the Petitioner as a Range III, persistent offender and imposed two consecutive twelve-year sentences at forty-five percent.  The Petitioner filed a timely pro se petition for post-conviction relief on July 9, 2008, in which he asserted numerous claims including ineffective assistance of counsel.  The post-conviction court subsequently

appointed counsel for the Petitioner; however, no amendment to the Petitioner's original pro se petition was filed. The State filed a response to the petition and a motion to dismiss.

Following an evidentiary hearing on the petition, the court entered a written order dismissing the post-conviction petition on September 19, 2008. The Petitioner filed a timely notice of appeal.

## FACTUAL BACKGROUND

**Post-Conviction Hearing.** Trial counsel was the only witness to testify at the post-conviction hearing on September 15, 2008. She testified regarding several claims in the post-conviction petition that were not included in the Petitioner's appeal to this court. Trial counsel stated that the Public Defender's Office was appointed to represent the Petitioner and that the case was originally assigned to another attorney before being assigned to her in April of 2007. The Petitioner ultimately entered open guilty pleas to two of the charges, thereby allowing the trial court to determine the appropriate sentences. Trial counsel stated that one of the three indicted offenses was dismissed pursuant to the Petitioner's open plea. She said that she informed the Petitioner of his right to a jury trial and that the trial court had also informed him of his right to have a jury trial at the time that he entered his guilty pleas. Trial counsel explained that the Petitioner also had a federal handgun charge at the time she represented him on the state charges. Although she tried to have the federal and state sentences served concurrently, the trial court informed her that it could not order federal and state sentences to be served concurrently. Trial counsel stated that the Petitioner informed her that he did not want a jury trial. Consequently, the Petitioner entered open guilty pleas to one count of aggravated burglary and one count of aggravated assault, and he received two twelve-year sentences to be served consecutively. She explained that she did not file a notice of appeal on the Petitioner's behalf because he told her that he did not want to pursue an appeal because of the risk of receiving a longer sentence on appeal. Trial counsel stated that she met with the Petitioner again on August 1, 2007, and he again told her that he did not want to appeal his sentence. She did not get the Petitioner to sign a waiver of his right to appeal because the Public Defender's Office had informed her that they no longer do waivers. When asked if she believed that there was anything else she could have done for the Petitioner during her representation, trial counsel responded:

No, I don't think there was anything else I could have done. I told him at the time that I thought given his criminal convictions, what was pending in Federal Court, that actually what he came out with was a fairly good outcome, given all the circumstances in this case.

Trial counsel said that the Petitioner's case was set for trial and the jury was ready to

be impaneled the day that he entered his guilty pleas. She stated that the trial court determined that the Petitioner was a Range III, persistent offender based on his prior felony record. She said that she explained to the Petitioner, prior to him entering his open guilty pleas, that his sentences would be determined by the trial court. At the conclusion of the hearing, the post-conviction court determined that there had "not been any evidence submitted that would sustain this petition." The court continued:

> The Court noted the sentence given this Defendant at the time on the [open] plea, noted the presentence report that was considered and justified, in the Court's opinion, that sentence. The Defendant was advised of his rights, including, according to the testimony of [trial counsel], his right to appeal even the [open] plea and sentencing. The jury was here as the Court recalls the day the plea was entered, and every opportunity was afforded this Defendant to go to trial.

> Again, for the reasons stated, the Court dismisses the petition filed . . . .

The order denying the petition for post-conviction relief was entered on September 19, 2008.

## ANALYSIS

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the

conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). In order to satisfy the "prejudice" requirement in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); see also Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004).

**Ineffective Assistance of Counsel.** On appeal, the Petitioner claims trial counsel rendered ineffective assistance in failing to advise him that he could potentially avoid his two

consecutive twelve-year sentences by exercising his right to a jury trial. The Petitioner asserts that the appropriate remedy is to remand his case to the trial court for a new trial on all charges. In response, the State contends that the trial court properly dismissed the post-conviction petition because the Petitioner failed to prove by clear and convincing evidence that trial counsel's performance was deficient. Specifically, the State argues that as the jury trial was about to begin, the Petitioner entered pleas of guilty to two of his felony charges, and the third felony charge was dismissed. It contends that the Petitioner received "a lower effective sentence than what he could have received if he had been convicted at trial" of all three of his indicted offenses. Finally, the State argues that trial counsel testified at the post-conviction hearing that she told the Petitioner of his right to a jury trial and that the trial court also informed him of his right to a jury trial during the guilty plea colloquy. We agree with the State.

Initially, we note that the Petitioner failed to include the transcript from his plea submission hearing and failed to include a copy his indictment in the record on appeal. It is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Accordingly, this issue could be treated as waived. However, we will review this issue on its merits based on the evidence presented at the post-conviction hearing and based on the underlying facts for the offenses as stated in the presentence report, which is also included in the record.

We further note that the Petitioner offered absolutely no proof during the post-conviction hearing regarding counsel's ineffectiveness. The record shows that the Petitioner was able to dismiss one of his three felony charges by entering open guilty pleas to the aggravated burglary and aggravated assault charges, which resulted in sentences for two charges rather than three charges. The Petitioner received the maximum sentence for a Range III offender for the aggravated assault conviction; however, he received a sentence below the maximum in his range for the aggravated burglary conviction. See T.C.A. § 40-35-112. If the Petitioner had proceeded to trial, a jury could have found him guilty of all three offenses. We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689, 104 S. Ct. 2052). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. Upon review, the Petitioner has failed to establish the factual allegations in his petition by clear and convincing evidence. See Vaughn, 202 S.W.3d at 115.

Furthermore, the record supports the post-conviction court's determination that counsel's performance was not deficient. See Goad, 938 S.W.2d at 369. Accordingly, we affirm the judgment of the post-conviction court.

**Conclusion.** Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE