IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2012 at Knoxville

## CHRISTOPHER EVONNE RODRIGUEZ v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 17361, Lee Russell, Judge**

---

**No. M2012-01036-CCA-R3-PC - Filed April 25, 2013**

---

The Petitioner, Christopher Evonne Rodriguez, appeals the Bedford County Circuit Court's denial of his petition for post-conviction relief from an aggravated burglary conviction. On appeal, the Petitioner contends that trial counsel was ineffective by failing "to raise any defense . . . of a crime spree." Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Trisha A. Bohlen, Shelbyville, Tennessee, for the Petitioner-Appellant, Christopher Evonne Rodriguez.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Robert Carter, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner was indicted by a Bedford County Grand Jury for three counts of aggravated burglary, theft of more than $500.00, theft of less than $500.00, attempted aggravated robbery, aggravated assault, and possession of a firearm during the commission of a felony. On May 5, 2011, the Petitioner entered guilty pleas to three counts of aggravated burglary and possession of a firearm during the commission of a felony with the remaining counts dismissed for an effective sentence of twenty-three years. Specifically, he received six years at thirty-five percent for each aggravated burglary conviction and five years at one

hundred percent for the weapons conviction, with all sentences to be served consecutively and consecutively to an unrelated federal sentence.

The Petitioner timely filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel. Appellate counsel was appointed and filed an amendment to the petition. At the May 1, 2012 evidentiary hearing, the Petitioner testified that trial counsel, who met with him twice and answered his questions, "was very professional," and he had no complaints about his representation except that "he didn't explain to me what a crime spree was." He also said it "irritated" him that counsel could not get the sentences to run concurrently. The Petitioner said that while in custody, he read in a "law book" that a crime spree:

> was--some of them was in the 24-hour period of time. Some of them was in distance in time. Some of them was inside of county, outside of county, but to me, I believe from what I done that it was considered a crime spree because it was under a 24-hour period of time, and I left from one place, and in another 20 or 30 minutes, I was at another location and doing it again . . . . To me, that is what a crime spree is.

The Petitioner believed two of his three aggravated burglary convictions should have been merged under the theory that they were part of a crime spree. He said he committed those two crimes with the same people, in the same vehicle, in the same county, on the same night and at houses which were, at most, fifteen minutes apart.

On cross-examination, the Petitioner acknowledged that his complaint concerned only counts one and three of his eight-count indictment and that these were burglaries of two different residences owned by distinct individuals. He testified that counsel spoke with him about his possible sentence range and that he knew he was a Range II offender. He agreed that on the day he entered his guilty pleas, he had four prior felonies, three of which would count towards his range. He agreed that he received the minimum in his range, six years, for his aggravated burglary convictions, and he said that this "was pretty fair."

The Petitioner acknowledged his statement to police, in which he confessed his involvement in the crimes, and the State entered this statement and his waiver as an exhibit. In his handwritten statement, the Petitioner admitted, in part, to "fir[ing] one shot" and apologized for his part in the crimes. He denied receiving a letter dated May 2, 2011, from counsel, which provided a copy of Tennessee Code Annotated section 40-35-115 and stated: "Here, you can see that Judge Russell will have no difficulty running your sentences consecutive, meaning one after another based upon Sections (1), (2), (4), and (6), which I have highlighted." The Petitioner acknowledged that counsel might have spoken with him

about consecutive sentencing. He agreed that going into someone's house puts lives in danger, and therefore, Tennessee Code Annotated section 40-35-115(b)(4) applied to him. He agreed he would not know whether trial counsel had spoken with the District Attorney about running his sentences concurrently. Finally, the Petitioner agreed that trial counsel advised him that his sentences would run consecutively.

Trial counsel testified that he had considered whether the crime spree rule would apply to counts one and three for purposes of determining the Petitioner's range. He said he "didn't think there was a good faith argument that could be made to assert that this had occurred in such close proximity to where the counts would have merged" because the crimes "involved two separate victims at two separate locations." He said he negotiated with the District Attorney but did not ask him to merge counts one and three because merger did not apply to the Petitioner's case. He did seek to have the sentences run concurrently, and he informed the District Attorney of the Petitioner's ten-year federal sentence. Trial counsel testified that he did not believe the Petitioner's theory would be a "valid or relevant defense in this case. As I stated earlier, the crime spree rule is applicable with regards to classification of ranges of prior felonies and whether or not someone is going to be a Range I or Range II felon." Counsel stated that "it was [his] professional opinion" that raising the idea of merger of counts one and three based on a crime spree "would have done much more harm that it would have done good." He stated that he could have filed a "frivolous motion to consolidate or a frivolous motion to amend the indictment" but that doing so "would be putting [his] law license in jeopardy, because the model Rules of Professional Conduct strictly forbid . . . attorneys to file . . . motions that are going to cause unnecessary delay or waste the Court's time or that . . . would be . . . frivolous."

On cross-examination, trial counsel agreed that he sent a copy of the May 2, 2011 letter to the Petitioner and that it included a copy of Tennessee Code Annotated section 40-35-115. The State entered this letter as an exhibit. Trial counsel testified that he explained to the Petitioner his professional opinion of why the sentences would run consecutively. He said that receiving a plea bargain with minimum sentences from this District Attorney when the Petitioner had confessed and had four prior felonies was "very rare." Counsel agreed that filing a motion to merge counts one and three would put the offer of minimum sentences at risk. The State entered the transcript of the guilty plea hearing as an exhibit.

In her colloquy with the court, appellate counsel for the Petitioner replied that there was no law supporting the Petitioner's position.

In its oral ruling, the court found that trial counsel's representation was "outstanding. . . . He advised this young man of everything that he needed to know." The court found that where "we have entirely separate locations, entirely separate victims, not at the same time,

close in time but not at the same time, then I am not aware of what theory [the Petitioner] is talking about that would have helped him in that situation. . . . I don't find that there is any grounds for post-conviction relief." The court noted the unusual nature of this particular District Attorney's offer of minimum sentences for "someone with at least three prior felony convictions." The court entered an order dismissing the petitions, and the Petitioner timely filed a notice of appeal.

## ANALYSIS

On appeal, the Petitioner contends that Trial Counsel was ineffective in that he "failed to raise any defense on his behalf that the crimes complained of in the indictments were the result of a crime spree or were so close in time that additional defenses were available." The State responds first that the Petitioner's failure to include a transcript of his guilty plea in the record on appeal renders the record inadequate for our review. Second, the State contends the court properly denied the petition, because the Petitioner failed to show that "the 'crime spree' theory" applied to him or that if counsel had "informed him of the 'crime spree' rule he would have elected to reject the plea agreement and proceed to trial."

In the record on appeal, the Petitioner failed to include a transcript of the guilty plea hearing and copies of his guilty pleas, indictments, and judgments. "[W]hen a record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for a meaningful review under the standard adopted in Bise." State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). While noting that appellate courts had the authority to supplement the record pursuant to Tennessee Rule of Appellate Procedure 24(e), the Tennessee Supreme Court stated:

> [We did] not mean to suggest that the Court of Criminal Appeals must or should order supplementation of the record in every case where the appellant fails to provide a transcript of the hearing on a guilty plea. Supplementation may be considered on a case-by-case basis and should be ordered only if the record is otherwise inadequate to conduct a meaningful appellate review on the merits of the sentencing decision. If, however, the record is adequate for a meaningful review, the appellate court may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court. In any event, the mere fact that the transcript of the submissions hearing was not made a part of the record on appeal should not preclude review under the standard adopted in Bise.

Id. (internal citations omitted). The record on appeal includes a transcript of the evidentiary hearing on the petition for post-conviction relief, and we discern that in this case the record

is adequate for our review. See, e.g., State v. Mangium, No. W2012-00315-CCA-R3-PC, 2013 WL 167202 (Tenn. Crim. App. Jan. 15, 2013) (entertaining appeal from denial of post-conviction petition alleging ineffective assistance of counsel without benefit of transcript of guilty plea).

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2012). The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance

prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004).

Significantly, the Petitioner fails to cite any authority for his claim that counts one and three of his indictment could have been merged or ordered to be served concurrently under a "crime spree" theory or that trial counsel's decision not to pursue merger or advise the Petitioner of the definition of "crime spree" rendered his representation ineffective. The Petitioner states that he garnered his understanding of "crime spree" from his reading of the law and conversations in the Tennessee Department of Correction. At his evidentiary hearing, the Petitioner acknowledged that the two aggravated burglary counts he sought to merge or serve concurrently were committed against different victims at different residences. As to his appropriate range, the Petitioner admitted he had three prior felony convictions which classified him as a Range II offender. Contrary to the Petitioner's arguments, the "twenty-four hour merger rule," as recognized in this State, State v. Horton, 880 S.W.2d 732, 736 (Tenn. Crim. App. 1994), arises from Tennessee Code Annotated section 40-35-106, entitled "Multiple offenders," which governs the determination of a defendant's range:

> (b) In determining the number of prior convictions a defendant
> has received:
> . . . .
> (4) Except for convictions for which the statutory elements
> include serious bodily injury, bodily injury, threatened serious
> bodily injury or threatened bodily injury to the victim or victims,

or convictions for the offense of aggravated burglary under §
39-14-403, convictions for multiple felonies committed within
the same twenty-four-hour period constitute one (1) conviction
for the purpose of determining prior convictions[.]

T.C.A. § 40-35-106(b)(4) (2010). The post-conviction court found that trial counsel "testified credibly" that he had mailed the Petitioner the letter, which detailed "counsel's views on the likelihood of consecutive sentencing." The court found no case law supporting the Petitioner's argument for merger of counts one and three, and it concluded:

> There was no possible defense, no grounds for merger, and no occasion for an election which defense counsel was obligated to reveal but did not. There was no motion which could have been filed which would have succeeded in having the counts merged or forced the sentencing to be concurrent. Indeed, with three prior serious felony convictions, there is little doubt that Counts 1. and 3. would have been ordered served consecutively to one another. The representation of counsel did not fall below the applicable standard, and the Petition and the Amendment to Petition will be dismissed.

The record fully supports the post-conviction court's findings and conclusions. Accordingly, the Petitioner has failed to demonstrate deficient performance or prejudice arising therefrom. He is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE