# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 8, 2011 Session

## JAMES C. OSBORNE, IV v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Wilson County
#### No. 02-1340    John D. Wootten, Jr., Judge

---

### No. M2010-00065-CCA-R3-PC - August 16, 2011

---

The petitioner, James C. Osborne IV, appeals the Wilson County Criminal Court's denial of post-conviction relief from his conviction of rape. He claims on appeal that the trial court erroneously instructed the jury as to the State's burden of proof and that his trial counsel rendered ineffective assistance in failing to object to the erroneous instruction. The record supports the post-conviction court's denial of relief, and we therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

William Cather, G. Jeff Cherry and David H. Veile, Lebanon, Tennessee, for the appellant, James C. Osborne, IV.

Robert E. Cooper, Jr., Attorney General and Reporter; and Benjamin A. Ball, Assistant Attorney General; Tom P. Thompson, Jr.; District Attorney General; and Robert Hibbett, Assistant District Attorney General, for the appellee.

## OPINION

A Wilson County Criminal Court jury convicted the petitioner of rape, and the trial court sentenced him to serve a sentence of twelve years at one hundred percent. The conviction and sentence were affirmed on appeal. See State v. James C. Osborne, No. M2005-00893-CCA-R3-CD (Tenn. Crim. App., Nashville, Sept. 7, 2006), no applic. perm. app. filed.

On March 4, 2005, the petitioner filed a premature petition for post-conviction relief which he amended after this court's opinion on direct appeal was filed in 2006. The post-

conviction court conducted an evidentiary hearing in December 2009 and denied relief.

We need not recount in any detail the evidence presented either at trial or at the post-conviction hearing. On appeal the petitioner claims that his trial counsel failed to object to an erroneous jury instruction and verdict form that instructed the jury that to acquit the defendant they must find him not guilty beyond a reasonable doubt. The petitioner points to a portion of the trial court's jury charge on lesser included offenses that says, "If you unanimously find beyond a reasonable doubt the Defendant not guilty to the more serious indicted offense you then will consider the Defendant's guilt or innocence of the lesser included offense(s)."

The petitioner also points to the "Judgment Sheet" utilized by the trial court, which was essentially a verdict form. The form contains the recitation: "If you unanimously find beyond a reasonable doubt the Defendant not guilty to the more serious indicted offense you will consider the Defendant's guilt or innocence of the lesser include offense(s) in order."

The petitioner contends that the use of this language was a structural error that improperly shifted the burden of proof to him and violated his rights to due process of law and to a trial by a jury of his peers. He further claims that his trial counsel was ineffective by failing to raise the issue during the trial proceedings.

The State responds that the post-conviction court properly ruled that the jury instructions, as a whole, properly and adequately informed the jury about the State's burden of proof in the case.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. Fields v. State, 40 S.W.3d 450, 453 (Tenn. 2001).

The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. See U.S. Const. amend. VI; Tenn. Const. art. I, § 9; see also Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). "Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are subject to de novo review." Serrano v. State, 133 S.W.3d 599, 603 (Tenn.2 004); see State v. Burns, 6 S.W.3d 453, 461 (Tenn.

1999). When a defendant claims ineffective assistance of counsel, the court must determine (1) whether counsel's performance was within the range of competence demanded of attorneys in criminal cases, Baxter, 523 S.W.2d at 936, and (2) whether any deficient performance prejudiced the petitioner, Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Powers v. State, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one. Henley, 960 S.W.2d at 580.

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 695. This court should not second-guess informed tactical and strategic decisions by defense counsel. Henley, 960 S.W.2d at 579.

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. Denton v. State, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). To show prejudice, the petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

First, we determine that to the extent that the petitioner on appeal expresses a free-standing due process or jury-trial right violation, that issue is waived based upon the terms of collateral attack allowable pursuant to the Post-Conviction Procedure Act. Under the Act, waiver occurs when the "the petitioner personally or through an attorney fail[s] to present [the claim] for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g) (2006). Waiver in a post-conviction context is determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). The presumption that a ground not raised has been waived is rebuttable. T.C.A. § 40-30-106(g). To rebut the presumption, however, the petition must contain "allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding." Id. § 40-30-104(e). Nothing in the record leads us to conclude that the free-standing constitutional claim was not waived by the petitioner's failure to raise it at trial, in the motion for new trial, and in the direct appeal.

Next, we must determine the petitioner's claim that trial counsel's failure to timely raise the issue equated to ineffective assistance of counsel.

The State does not challenge the petitioner's assertion that the above-quoted reference

in the lesser included offense instruction and in the verdict form was erroneous. However, it claims that the petitioner suffered no prejudice because the jury instructions, when read as a whole, fairly submitted the legal issues to the jury. We agree with the State.

A trial court in a jury case is obliged to provide a "complete charge of the law applicable to the facts of a case." State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986); see also Tenn. R. Crim. P. 30(d)(2). "'Jury instructions must be reviewed in their entirety. Phrases may not be examined in isolation.'" State v. James, 315 S.W.3d 440, 446 (Tenn. 2010) (quoting State v. Rimmer, 250 S.W.3d 12, 31 (Tenn. 2008)). A charge "is erroneous if it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law." James, 315 S.W.3d at 446 (quoting State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997)). Whether a conviction should be reversed on the basis of an erroneous jury instruction is determined by "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Rimmer, 250 S.W.3d at 31.

In the present case, the problematic language in both the instructions and the verdict form was offset by other language in the charge that conveyed the proper burden of proof in the case, leading us to conclude that petitioner was not prejudiced by counsel's failure to object to the offending language. Specifically, the charge instructed the jury that

> The law presumes that the Defendant is innocent of the charge against him. This presumption remains with the Defendant throughout every stage of the trial, and it is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the Defendant is guilty.
>
> The state had the burden of proving the guilty of the Defendant beyond a reasonable doubt, and this burden never shifts but remains on the state throughout the trial of the case. The Defendant is not required to prove his innocence.
>
> The state must have proven beyond a reasonable doubt all of the elements of the crime charged, and that it was committed before the finding and returning of the indictment in this case.

In addition, the trial court, using traditional language, defined "reasonable doubt," and it concluded by adding, "If you find that the State has not proven every element of the offense beyond a reasonable doubt, then you should find the Defendant not guilty."

As to the indictment charge of aggravated rape, the trial court instructed the jury on the lesser included offenses of rape, aggravated sexual battery, sexual battery, and assault. The offending language cited by the petitioner appears in the general instruction on lesser included offenses that preceded the trial court's instructions on the specific lesser included offenses listed above. In the case of each specific lesser included offense mentioned by the trial court, however, it told the jury that the State must prove "beyond a reasonable doubt the existence of the . . . essential elements" which the court listed as to each offense. The court instructed the jury to proceed to a consideration of a lesser included offense only when it held a reasonable doubt that the petitioner committed the greater offense. We point out that the jury acquitted the petitioner of the charged offense of aggravated rape and, instead, convicted him of the lesser included offense of rape. See James C. Osborne, No. M2005-00893-CCA-R3-CD, 2006 WL 2682773, at *1.

In the context of the overall jury charge and the jury's decision to acquit the petitioner of the charged offense, we conclude that the petitioner did not establish by clear and convincing evidence that counsel's failure to object to the cited language in a portion of the charge and in the verdict form prejudiced him. The jury instructions repeatedly referenced the State's burden of proof; in contrast, the language cited by the petitioner was mentioned only once, very briefly, in the general lesser included offense instruction. Although that language was repeated in the verdict form, the entire jury instruction certainly overbore the form's language even if, indeed, the jury even reviewed the form before reaching its verdict.

Thus, because the petitioner did not establish prejudice as required by Strickland, he failed to establish a claim of ineffective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____
NORMA McGEE OGLE, JUDGE