IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2012

## JOE EDDIE MACLIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**Nos. 6270, 6271    Joseph H. Walker, Judge**

---

**No. W2011-01112-CCA-R3-PC  - Filed June 28, 2012**

---

The Petitioner-Appellant, Joe Eddie Maclin, appeals the denial of post-conviction relief, contending that he did not enter his guilty plea knowingly and voluntarily due to the ineffective assistance of counsel.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

William Michael Thorne, Lexington, Tennessee (on appeal); Mark E. Davidson, Covington, Tennessee (at post-conviction hearing), for the Petitioner-Appellant, Joe Eddie Maclin.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel, Assistant Attorney General; D. Michael (Mike) Dunavant, District Attorney General; and Jason Poyner, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In case number 6270, the petitioner pleaded guilty on August 10, 2009, to robbery, a Class C felony, theft of property valued less than $500, a Class A misdemeanor, and resisting arrest, a Class B misdemeanor.  On the same date, he also pleaded guilty in case number 6271 to theft of property more than $500, a Class E felony.  Pursuant to the plea agreement presented to the trial court, the petitioner received an effective sentence of ten years as a multiple offender in case 6270 and six years as a career offender in case 6271, to be served consecutively for a total effective sentence of sixteen years.  The petitioner filed a timely petition for post-conviction relief, and counsel was appointed.  Following an evidentiary

hearing, the post-conviction court entered an order denying relief on April 15, 2011. This timely appeal followed.

## FACTUAL BACKGROUND

**Plea Submission Hearing.** The State summarized the facts supporting the petitioner's guilty pleas at the August 10, 2009 plea submission hearing:

> Had this gone to trial in 6270 the State feels it could have met its burden that on 11/27/08 deputies were dispatched to Midway Market on Highway 59 South at 14, in reference to an irate customer. While en route deputies were advised that the suspect displayed a gun toward the clerk and left in a gold vehicle travelling toward Covington.
>
> Deputy Chunn observed the vehicle travelling west on Mueller-Brass Road toward Old Brighton Road. Deputy Chunn conducted a traffic stop on the vehicle. Chunn ordered the suspect, Eddie Maclin out of the vehicle. Eddie began cussing and walking aggressively toward Deputy Chunn, ignoring all of his commands. Deputy Chunn administered a single cycle of taser on Mr. Maclin. Mr. Maclin was then taken into custody without further incident.
>
> And upon further investigation Mr. Maclin displayed the gun while stealing beer and gas from the store. And he was also found in possession of a black pistol pellet gun.
>
> Deputy Sheriff Daugherty transported Mr. Maclin to the jail. Judge Peeler was contacted and advised, placed a no bond on Mr. Maclin.
>
> Those are the facts in 6270, Your Honor.
>
> In 6271, on October 31, 2008, officers responded to a theft complaint at Walmart in Covington, Tipton County. Sergeant Black spoke with a Ms. Hawkins and Mr. Randal Tilfer, who both work for Walmart. Ms. Hawkins stated that a black male, later identified as Joe Eddie Maclin, attempted to walk out of the store with a shopping cart full of merchandise that he did not pay for. Mr. Maclin was confronted by Randal Tilfer, co-manager, about the merchandise. Mr. Maclin then attempted to leave the property. Sergeant Black made contact with Mr. Maclin in the parking lot of Walmart. The total amount of merchandise was $532.42, which was all recovered. Mr. Maclin is charged with theft over [$]500.

The State informed the court that the petitioner was going to enter a guilty plea as a multiple offender to the robbery charge and a career offender to the theft charge. Counsel for the petitioner added that the sentences would be served consecutively and requested that the trial court schedule a hearing to consider alternative sentencing.

The trial court placed the petitioner under oath and questioned him regarding the pleas. The petitioner stated that he was forty-six years old and had attended school through the eleventh grade. The trial court stated that it had received forms in each of the cases indicating that the petitioner wanted to waive his right to a jury trial. The trial court further stated that the petitioner had apparently signed the forms.[1] The petitioner acknowledged that he reviewed the forms with his attorney and that he understood what he was doing. The trial court outlined the petitioner's rights to have a jury trial, to have the assistance of counsel during trial, to confront the State's witnesses, to call his own witnesses, to decide whether to testify in his own behalf, and to appeal after trial. The petitioner stated that he had sufficient time to meet with his attorney to discuss the cases and possible defenses available to him. He stated that he was satisfied with the representation counsel provided. No one forced him to plead guilty, and he was doing so as a result of discussions with counsel and because he was guilty of the offenses.

The court summarized the petitioner's plea agreement in these cases. In case number 6271, the petitioner would serve six years as a career offender for theft of property valued more than $500. In case number 6270, the petitioner would receive an effective ten-year sentence as a multiple offender for the offenses of robbery, misdemeanor theft, and resisting arrest. The petitioner acknowledged that the court's summary was consistent with his understanding of the plea agreement. The court noted that the sentences in the cases were required to be run consecutively because the petitioner was on bond when he committed the robbery. The court then stated:

> [Counsel] has indicated that you will be seeking relief from sentence, but there's no guarantee that will be granted. Whether or not you qualify for alternate sentencing, which is house arrest, or for probation are matters that would be determined at another hearing. You'll end up having a sentence of ten years consecutive, with a consecutive six-year sentence; then a six-month and eleven-month-29-day concurrent with the ten-year sentence. But whether or not you receive any relief from incarceration would depend upon another hearing.

---

[1]These forms are not included in the record on appeal.

-3-

The trial court inquired whether the petitioner understood, and the petitioner responded affirmatively.

The petitioner entered guilty pleas to the charges of robbery, misdemeanor theft, and resisting arrest in case 6270 and to theft of more than $500 in case 6271. He stated that he had no questions regarding the proceedings. The court then accepted the pleas after determining that the petitioner was competent to enter the pleas, that he understood what he was doing, and that there was a factual basis to support the pleas.

**Post-Conviction Hearing.** Trial counsel and the petitioner were the only witnesses to testify at the April 15, 2011 post-conviction hearing. At the outset, a transcript of the plea submission hearing was admitted as an exhibit.

The petitioner testified that when he pleaded guilty, he understood the agreed sentence to be an effective ten-year sentence. Trial counsel's discussions with the petitioner led him to believe the sentences would all run concurrently to each other. The petitioner testified that he agreed to plead guilty only because he expected an effective sentence of ten years, to be served on house arrest. Had he known that the sentence was for an effective sixteen years, he would not have pleaded guilty despite the fact that he likely would have received a substantially longer sentence after a conviction at trial. The petitioner maintained that he did not understand when the trial court said at the plea hearing that the sentences would be served consecutively.

The petitioner learned at the later hearing to determine whether he would receive alternative sentencing that he did not, in fact, receive a ten-year sentence as he had expected. He filed through different counsel a "Motion to Amend or Correct Sentence" on December 8, 2009. In the motion, admitted as an exhibit to the hearing, the petitioner alleged that he did not understand the consequences of the plea and that he believed he would receive an effective sentence of ten years.

The petitioner testified that he assisted law enforcement officers with the investigation of a murder, and he expected his assistance to result in less severe sentences in his own cases. He did not believe that his assisting with the investigation had such a result. According to the petitioner, his guilty plea was involuntary. He voluntarily pleaded guilty to a ten-year sentence but not to a sixteen-year sentence.

On cross-examination, the petitioner testified that when he committed these offenses, he was classified as a career offender. He conceded that he was not "new to the system" and that he had numerous prior felony and misdemeanor convictions. The petitioner testified that he was on bond for the theft offense when he committed robbery, and he acknowledged that

the trial court was required to order consecutive sentences as a result. However, he expected concurrent sentences because of the help he provided law enforcement officers in the murder investigation.

Trial counsel testified that he was an assistant public defender. Before the petitioner pleaded guilty, trial counsel discussed with the petitioner the plea agreement and explained that the offer involved an effective sentence of sixteen years. He told the petitioner that the court would decide whether the petitioner received alternative sentencing, "but there was no guarantee one way or the other." Additionally, the petitioner was aware that the court was required to order consecutive sentences because he committed some of the offenses while he was on bond. Counsel explained to the petitioner that the court's only option after guilty jury verdicts would have been to sentence the petitioner to serve thirty-six years at sixty percent. The negotiated agreement resulted in a sentence twenty years shorter.

On cross-examination, counsel testified that the plea form that the petitioner signed indicated that the sentences would be consecutive. Counsel mailed the petitioner a letter, dated November 22, 2009, and admitted as an exhibit to the hearing, discussing the evidence in these cases and the petitioner's prior criminal record, including the petitioner's history of unsuccessful probation and parole. It also addressed possible sentencing outcomes after trial and compared them to the negotiated plea agreement, concluding that the plea agreement "saved [the petitioner] TEN (10) calendar years of day for day prison time." Trial counsel acknowledged that he sent the petitioner this letter after the petitioner pleaded guilty, but he testified that he discussed the information contained in the letter with the petitioner before the plea hearing.

Following the evidentiary hearing, the post-conviction court entered a written order denying relief. In the order, the court stated:

> The Court finds that the defendant actually understood the significance and consequences of the particular decision to plea [sic] guilty and the decision was not coerced. The defendant was fully aware of the direct consequences of the plea, including the possibility of the sentence actually received. He failed to show that any promise or inducement was made for the entry of the plea other than the State agreeing to sentencing to a lesser range tha[n] Career Offender.
>
> The Court finds that [trial counsel] provided adequate assistance.
>
> Petitioner failed to show any deficient performance by his attorneys or that he was prejudiced.

. . . .

The Court finds that the petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. The petitioner has not shown that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

The Court finds that the petitioner knowingly and voluntarily entered a plea, that defendant actually understood the significance and consequences of the plea and sentence. The Court finds that the petitioner was not coerced into entering a plea.

## ANALYSIS

The petitioner argues that he received the ineffective assistance of counsel based on counsel's failure to explain the consequences of the guilty plea, specifically consecutive sentencing and the improbability of alternative sentencing. As a result, he maintains that his guilty plea was not knowingly and voluntarily entered. The State argues that the petitioner has not produced clear and convincing evidence to support his claims. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The Tennessee Supreme Court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

Vaughn repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004).

When analyzing the validity of a guilty plea, we follow the federal landmark case of Boykin v. Alabama, 395 U.S. 238 (1969), and the Tennessee landmark case of State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), superseded on other grounds by rule as stated in State v. Wilson, 31 S.W.3d 189, 193 (Tenn. 2000). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that a trial court may not accept a guilty plea unless there is an affirmative showing that the guilty plea was "intelligent and voluntary." 395 U.S. at 242. When accepting a guilty plea, the trial court is responsible for "canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Id. at 244. In Mackey, the Tennessee Supreme Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea; otherwise, it will not amount to an 'intentional abandonment of a known right.'" 553 S.W.2d at 340.

The Tennessee Supreme Court has emphasized that a plea is not voluntary if it is the result of "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43). A trial court must look at a number of circumstantial factors before determining whether a guilty plea is voluntarily and intelligently made. Id. These factors include "the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial." Id. (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).

The record supports the post-conviction court's ruling that the petitioner failed to prove his claims by clear and convincing evidence. Regarding the claim of ineffective assistance of counsel, counsel testified that, before the petitioner's plea, he discussed with the petitioner the evidence in the cases and likely sentencing outcomes after trial. He explained the plea offer, informing the petitioner that it entailed an effective sixteen-year sentence. Counsel testified that the petitioner was aware the trial court was required to order the sentences in the separate cases to be served consecutively. Counsel also explained to the petitioner that the decision regarding alternative sentencing was within the trial court's discretion and would be determined at a hearing after the petitioner's plea. We conclude that the petitioner has not produced clear and convincing evidence that counsel did not adequately explain to the petitioner the consequences of the plea agreement relative to consecutive

-8-

sentencing or the likelihood of alternative sentencing. As a result, the petitioner has failed to prove either deficient performance or prejudice necessary to prove he received the ineffective assistance of counsel.

The petitioner has also failed to prove that his plea was not knowing and voluntary. The record belies his assertion that he did not know the sentences would be served consecutively and that the trial court would later decide whether he received alternative sentencing. At the plea submission hearing, the petitioner, when asked by the trial court, acknowledged understanding both of these facts. At the post-conviction hearing, the petitioner also conceded that he understood the trial court was required to order consecutive sentences in his cases. Furthermore, the petitioner's extensive experience with the court system accumulated in his lengthy criminal career indicates that he was sufficiently familiar with the criminal proceedings to understand his guilty plea and the sentences he was to receive as a result. The record, therefore, supports the post-conviction court's finding that the plea was knowing and voluntary. The petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.


_____
CAMILLE R. McMULLEN, JUDGE