# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 24, 2012 Session

## LAURA JUNE BOWLING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Scott County**
**No. 9618      E. Shayne Sexton, Judge**

---

**No. E2011-02570-CCA-R3-PC - Filed August 28, 2012**

---

The petitioner, Laura June Bowling, filed a timely pro se petition for post-conviction relief challenging her guilty-pleaded conviction of second degree murder for which she received a sentence of 15 years' incarceration. Following the appointment of counsel and the exhaustion of the one-year limitations period, the petitioner entered into an agreed order with the State withdrawing her petition. The post-conviction court then dismissed the petition with prejudice. The petitioner now appeals the dismissal order, alleging that her withdrawal of the petition was unknowingly and involuntarily entered. Discerning no error in the post-conviction court's dismissal, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Sally A. Goade (on appeal) and Wesley D. Stone (at hearing), Knoxville, Tennessee, for the appellant, Laura June Bowling.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William Paul Phillips, District Attorney General; and Thomas E. Barclay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that, on July 21, 2008, the petitioner pleaded guilty to second degree murder in exchange for an agreed sentence of 15 years' incarceration. On July 15, 2009, the petitioner filed a timely petition for post-conviction relief alleging that her plea was not voluntarily or knowingly entered and that she suffered from an unspecified "illness that makes it difficult for her to think clearly." Following the appointment of counsel, the

petitioner and the State entered into an agreed order indicating that the petitioner elected to withdraw her post-conviction relief petition. The agreed order also indicated that the petitioner desired for the community to know that her son was completely uninvolved in her conviction offense. Without holding a hearing, on September 22, 2010, the post-conviction court signed and entered the order granting voluntary dismissal of the post-conviction petition.[1] On December 1, 2011, the petitioner filed an untimely pro se notice of appeal. On March 8, 2012, this court waived the timely filing of the notice of appeal. The case is now properly before this court.

On appeal, the petitioner argues that the post-conviction court failed to adequately inquire into the voluntariness of her withdrawal of the petition. She also claims that the limitations period should be tolled due to her mental incompetence at the time of the withdrawal and that post-conviction counsel provided ineffective assistance. The State argues that the post-conviction court was not required to hold a hearing concerning the withdrawal of the petition, that the limitations period had expired by the time the petition was withdrawn, and that the petitioner was not entitled to the effective assistance of counsel at the post-conviction proceeding. Following our review, we agree with the State and affirm the order of the post-conviction court.

"[T]here is no constitutional duty to provide post-conviction relief procedures." *Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004) (citing *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). Post-conviction relief is a statutory creation and, therefore, subject to the discretionary limitations of the legislature. *Serrano*, 133 S.W.3d at 604. "When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy." *Id*. (quoting *Schick v. United States*, 195 U.S. 65, 72 (1904)).

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). Code section 40-30-102 provides a one-year statute of limitations for the filing of any petition for post-conviction relief. *Id*. § 40-30-102(a). Furthermore, "[t]he petitioner may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations." *Id*. § 40-30-109(c); *see also*

---

[1] At an August 30, 2010 status hearing, the petitioner's counsel indicated that the petitioner was considering withdrawing her petition because she "may not want the relief she is seeking" – presumably referencing a trial. From comments at the same hearing, we discern that the petitioner was originally indicted for first degree murder and, pursuant to the plea agreement, pleaded guilty to second degree murder and received the minimum sentence of 15 years' incarceration.

Tenn. R. Sup. Ct. 28 §6(C)(8). Generally, the Post-Conviction Procedure Act and Rule 28 do not mandate a particular inquiry or hearing as a prerequisite to a non-capital petitioner's withdrawal of a post-conviction petition. *But see* Tenn. R. Sup. Ct. 28 §11 (providing for hearing regarding a death-sentenced petitioner's competency and understanding prior to granting a motion to withdraw a post-conviction petition).

In the instant case, the petitioner entered into an agreed order with the State voluntarily dismissing her petition for post-conviction relief. This action generally would not have precluded her filing a subsequent post-conviction petition. *See* T.C.A. § 40-30-109(c). In this case, however, the dismissal occurred after the expiration of the limitations period and, therefore, foreclosed any subsequent petition. *Id*. The dismissal order, which the petitioner signed, indicates that the petitioner knowingly and voluntarily agreed to withdraw her post-conviction petition. Because nothing in the Act or Rule 28 mandates a hearing prior to a non-capital petitioner's withdrawing a post-conviction petition, we conclude that the post-conviction court did not err by granting the voluntary dismissal in this case.

The petitioner's additional claims that the limitations period should be tolled due to mental incompetence and that post-conviction counsel rendered ineffective assistance must also fail. "[D]ue process requires tolling of the post-conviction statute of limitations only if a petitioner shows that [s]he is unable either to manage [her] personal affairs or to understand h[er] legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001). Moreover, due process principles do not require tolling of the statute of limitations "upon the mere assertion of a psychological problem." *Id.* "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." *Id* . at 464. Furthermore, a post-conviction petitioner has no right to effective representation at post-conviction proceedings. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987) (holding that "the scope of the right to counsel is limited and applies only through the first appeal as of right. It does not apply to post-conviction relief").

The post-conviction court's order of dismissal is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE